IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BILLY WAYNE HALL and** ) | |
| **LORRAINE HALL,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action Number |
| **vs.** ) | **7:06-cv-01206-UWC** |
| ) | |
| **ANNETT HOLDINGS. INC. d/b/a** ) | |
| **TMC TRANSPORTATION, INC.,** ) | |
| **BRIAN LOUIS SKIPPER, et al.,** | |
| | |
| Defendants. | |

**MEMORANDUM OPINION ON JURISDICTION**

On May 3, 2006, the Plaintiffs, Billy Wayne Hall and Lorraine Hall ('the Halls") filed this lawsuit in Alabama state court seeking damages for injuries sustained in a traffic accident involving a vehicle allegedly operated by defendant Brian Louis Skipper ("Skipper"), an employee of defendant Annett Holdings., d/b/a TMC Transportation, Inc. ("TMC Transportation").  On June 21, 2006, the Defendants filed a Notice of Removal based upon diversity jurisdiction.  However, in their complaint, the Halls sought damages as follows: "The amount in controversy exceeds $25,000.00."  (Compl. ¶¶ 5.)

This Court is obligated to raise questions concerning subject matter jurisdiction *sua sponte.  See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte.*").  When determining whether the federal courts have

1

jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Although Defendants are seeking to invoke the jurisdiction of this Court, in their Notice of Removal, Defendants simply allege "the number and nature of the claims asserted establish Plaintiffs are seeking monetary damages in excess of $75,000, the federal jurisdictional amount." (Doc. 1, Not. of Removal ¶ 9.)  Based upon Eleventh Circuit Court of Appeals precedent, defendants' allegation alone, is not sufficient to establish that the jurisdictional amount is met. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (requiring that removing defendant "prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]" noting that "[t]he possibility that plaintiff may in the future seek or recover more damage is insufficient to support federal jurisdiction ...."). Indeed the Eleventh Circuit has "conclude[d] that when plaintiff's complaint specifically seeks less than [the jurisdictional amount], if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case." *Id*. at 1096 n.8.

In their notice of removal, the Defendants argue that the plaintiffs make a number of claims for relief for specific and significant injuries under a number of different liability theories. The Defendants assert that the Halls "make clear they are seeking amounts in excess of the jurisdictional limits."  (Doc. 1, Not. of Removal ¶ 11.)   However, because the Halls claim an indeterminate amount of damages, this Court can not indulge in speculation that the claims exceed  $75,000.  Accordingly, the Defendants have not sufficiently met their burden to prove that the amount in controversy exceeds $75,000.

For want of federal jurisdiction, this action must be REMANDED to the Circuit Court of Walker County, Alabama.

Done this 30th day of June, 2006.

_____
U.W. Clemon
Chief United States District Judge